UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAROLINE SIMMONS,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.

Case No. 21-cv-03534-YGR (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 57, 60, 63

As discussed during the hearing today, the Court **ORDERS** as follows:

1. Plaintiff's motion to compel a further Rule 30(b)(6) deposition is **GRANTED** as to topic 1 and topic 19. The Court narrows topic 18 to "Federal's record retention policies applicable to Marc Venuti's emails," and **GRANTS** the motion as to that topic as narrowed. The Court **DENIES** the motion as to topics 2, 5 and 6 because they are not proportional to the needs of the case.

2. Based on the discussion at the hearing, the Court understands that the underwriting file in this action has been produced, and that Venuti's email account has been deleted (meaning his custodial email account, and not including his emails that may have been kept in a claim file). Accordingly, there appears to be no need for a court order on those issues.

3. Plaintiff has raised two issues with respect to Harry Parrish. First, Plaintiff requests to depose him for additional time as a fact witness. Second, Plaintiff moves to compel on her document subpoena. As to the first request, Defendant is making Parrish available for another deposition as an expert witness, and this might be sufficient for Plaintiff's purposes. As to the second issue, Parrish made a late-breaking document production, and it might be complete. Accordingly, the Court **DEFERS** ruling on these issues. Plaintiff has timely raised them by

including them in her June 2, 2023 letter brief, *see* Civil Local Rule 37-3, so the Court can rule on them later.  Still, there needs to be a deadline by which Plaintiff tells the Court if she still seeks a ruling on these issues.  The close of expert discovery is July 18, 2023.  ECF No. 54.  Plaintiff will know whether she needs more fact deposition hours with this witness by the time she is done deposing him as an expert, and presumably she will have completed her review of his document production by then as well.  Accordingly, the Court sets a deadline of July 25, 2023 for Plaintiff to raise either of these issues in a joint discovery letter brief filed with the Court.

       4. The Court **ORDERS** Buchalter to produce all non-privileged records responsive to Defendant's subpoena dated prior to the filing of this lawsuit on April 6, 2021 by July 10, 2023, together with a privilege log by the same date.

**IT IS SO ORDERED.**

Dated: June 21, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge