UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE SIMMONS,<br>          Plaintiff,<br>v.<br>FEDERAL INSURANCE COMPANY,<br>          Defendant. | Case No. 21-cv-03534-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 71 |

The parties have a discovery dispute concerning the adequacy of Federal Insurance Company's Rule 26(a)(2) expert disclosures for Terrence Paret, Thomas J. Rowe, James C. Strong, and Jason Porto, who are, respectively, a Senior Principal, Principal, Associate Principal, and Senior Associate and Project Manager for Wiss, Janney, Elstner Associates, Inc. ("WJE"). Federal's expert disclosure (ECF No. 74, Ex. 1) lists WJE as its first retained expert witness, as if an entity could somehow be an expert. The disclosure then lists Paret, et al., beneath WJE. The disclosure goes on to state: "WJE's Expert Report containing the elements required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure is attached hereto as Exhibit A. WJE will offer opinions regarding the subjects contained in its report. Specifically, Messrs. Strong, Rowe, Paret, and Porto will offer opinions on the subjects for which they are identified in WJE's Expert Report. Messrs. Porto, Paret and Strong will also offer opinions concerning their observations during site visits at Plaintiff's property located at 2000 Atlas Peak Road, Napa, California, including physical samples located at the property. True and correct copies of the authors' CVs, prior testimony, publications, and compensation are included in WJE's Expert Report."

The WJE Expert Report consists of four portions. The first is an eight-page "final report" dated May 19, 2023. It states that "[t]his expert report sets forth four primary opinions stemming

from the post-fire investigation at 2000 Atlas Peak Road in Napa, California performed by Wiss, Janney, Elstner Associates Inc.'s (WJE) from 2019 to the present." Primary opinion 1, which is ascribed to Rowe and Paret, is a brief, high-level opinion that incorporates by reference WJE's October 27, 2021 report, which is Appendix 1 to the final report. Primary opinions 2 and 3, which are ascribed to all four experts, are similarly very brief, high-level opinions. Primary opinion 3 likewise incorporates the 2021 report. Primary opinion 4, which is ascribed to Strong and Porto, is the briefest of the four, and incorporates by reference a 2019 WJE report that is not attached. Then, in a section entitled "additional information" the final report sets forth four additional opinions in paragraphs 10, 11, 12 and 13. It states that "[t]he following opinions are based on information that was obtained, whether through site visits, discussion, or document review, after WJE's Interim Supplementary Report was completed." These opinions are ascribed to no one, although paragraph 11 refers to Porto and Strong. In an email dated July 18, 2023 – two months after the expert disclosure was made – Federal stated that paragraph 10 is the opinion of Paret and Strong, and paragraphs 11 and 12 are Strong's opinions. ECF No. 74, Ex. 10. The Court has seen no indication whose opinion paragraph 13 is.[1] As with the primary opinions, the opinions in paragraphs 10-13 are high-level and conclusory.

The second portion of the WJE Expert Report is Appendix 1, the October 27, 2021 Interim Supplementary Report. It consists of 424 numbered paragraphs, followed by a section of figures and then Appendices A-D of the report. So far as the Court has been able to discern, no portion of the detailed analysis in the 424 paragraphs is ascribed to Paret, Rowe, Strong or Porto. All references to WJE are to a collective "we" or "WJE," again as if an entity could be an expert. The Interim Report does not indicate if Paret, Rowe, Strong or Porto had any involvement at all in the analysis, or if so, what parts. If you wanted to depose somebody about any particular paragraph or analysis in the Interim Report, you would have no way to know if you should depose Paret, Rowe, Strong, Porto, or somebody else.

The third portion of the WJE Expert Report is Appendix 2, which lists "documents

---

[1] At the hearing, Federal disputed that paragraph 13 is an opinion. But whatever it is, it is in an expert report and not associated with any particular expert. That is not acceptable.

considered." It lists the documents that "were considered in preparing this report," but does not list documents considered by Paret, Rowe, Strong or Porto. It appears to be a list of documents that were considered by WJE, the entity. The fourth portion of the WJE Expert Report lists the professional qualifications, recent testimony, recent publications and hourly billing rates for Paret, Rowe, Strong and Porto.

Since this expert disclosure was made, Plaintiff has attempted to learn what documents each expert considered, mostly without success. Federal stated that the documents Strong considered "have been produced by WJE or were identified with WJE's Expert Report." ECF No. 74, Ex. 3. Federal similarly cross-referenced "WJE's produced file" for Porto and Paret. ECF No. 74, Exs. 5, 7. The only arguably adequate disclosure of documents considered was for Rowe, though Plaintiff had to drag it out of Federal, which provided that information 52 days after expert disclosures were due. ECF No. 74, Ex. 9. In the joint discovery letter brief, Federal states that "WJE maintains a single file for the matter and does not maintain separate files for each of its experts." ECF No. 71 at 5.

The Court concludes that Federal's expert disclosures for Paret, Rowe, Strong and Porto fail Rule 26. The most glaring failure is that Federal has not disclosed "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. Proc. 26(a)(2)(B)(i). The "witness" in that requirement refers to a human being who will testify on the witness stand. An entity is not an expert "witness." The only opinions that are ascribed to any of these four individuals are the four primary opinions in the final report plus the three additional opinions set forth in paragraphs 10, 11 and 12. But these are just brief, high-level executive summaries. They are not "a *complete* statement of *all* opinions the witness will express *and the basis and reasons for them*." (emphasis added). The complete statement of all of those opinions, and the basis and reasons for them, is buried somewhere within the 424 paragraphs in the Interim Report. And we don't know where.

The Interim Report is presented as WJE's investigation and findings, not the investigation and findings of any particular person. The primary opinions and additional opinions in the final report do not clearly map onto specific paragraphs or sections of the Interim Report. None of the

3

424 paragraphs in the Interim Report is presented as the expert opinion of any of the four disclosed experts. We have no idea which expert did what. Because of the length of the Interim Report, this is not a problem that could be solved in a deposition; it would take more than seven hours merely to learn what each expert did and what his specific opinions are.

The structure of this expert disclosure – an enormous Interim Report attributed to no particular expert, followed by a brief final report that allocates high-level opinions to particular experts and then cross-references the Interim Report – raises another problem: We can't tell what the relationship is between the four experts and the analysis set forth in the Interim Report. An expert, after all, is supposed to have some relationship to his opinions and the basis and reasons for them. They are supposed to be *his* opinions – opinions he developed, using methodologies he considers appropriate. *See* Fed. R. Evid. 702 (expert witness may testify in the form of an opinion if "*the expert* has reliably applied the principles and methods to the facts of the case," among other requirements) (emphasis added). But Federal's expert disclosure says nothing about what methods and principles each expert applied. All of the detailed analysis is presented as the work of a collective "we" or "WJE."

In short, Federal's expert disclosure leaves us with too much mystery. The brief "final report" is not a complete statement of opinions and the basis and reasons for them. And the lengthy Interim Report, while a complete statement of opinions and the basis and reasons for them, cannot be attributed to any particular expert, either in whole or in part.

This is more than a discovery problem, though it is a huge discovery problem because the four expert opinions are hidden from view. It's also a *Daubert* problem. With the details of each expert's opinions, and the reasons and bases for those opinions, obscured in a collective report attributed to no one in particular, it is hard for Plaintiff to know what to move to exclude and on what basis so to move. It's also a trial problem. If one of the experts takes the stand at trial and starts testifying about, for example, heat soaking studies (Interim Report ¶¶ 243-49), open flame testing (*id*. ¶¶ 253-55), or fresh stucco exposure tests (*id*. ¶¶ 276-77), and there is an objection that this testimony is outside the scope of his report, how will the trial judge be able to evaluate that objection? Federal needs to serve real expert reports, one per expert, that contain a complete

statement of each expert's opinions and the basis and reasons for them, and not cluttered up with things that are not the expert's opinions.

The second problem with Federal's expert disclosure is that for Strong, Porto and Paret, Federal has not disclosed "the facts or data considered by the witness in forming" his opinions. Fed. R. Civ. Proc. 26(a)(2)(B)(ii). Cross-referencing WJE's produced file doesn't work. Given the way Federal has attempted to bury what opinions are attributable to each expert by collective references to work by WJE, the Court can see that a general reference to WJE's produced file is just a way a hiding what Strong, Porto and Paret considered.[2]

Accordingly, the Court **GRANTS** Plaintiff's motion to compel and **STRIKES** Federal's expert disclosures for Paret, Strong, Porto and Rowe. The Court **ORDERS** Federal to serve completely separate and distinct expert reports for Paret, Strong, Porto and Rowe that contain a complete statement of all opinions each witness will express and the basis and reasons for them, and no opinions that are not the witness's own. That complete statement, and the basis and reasons, must be contained entirely in each report and must be specific to each expert. Each report shall identify the facts or data considered by each witness by Bates number or other document-specific identifier.

At the hearing, the Court asked Federal when it can serve proper expert reports for these four witnesses. Federal said it could do so in 30 days, and Plaintiff said she could live with that. Accordingly, the Court **ORDERS** Federal to serve these expert reports within 30 days.

**IT IS SO ORDERED.**

Dated: July 28, 2023

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] At the hearing, Federal suggested that if the Court orders each expert to provide a list of the documents he considered, Strong, Porto and Paret would just list every item in WJE's produced file. The Court will not tell the experts what they considered. The expert disclosure, however, must be truthful.