UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE SIMMONS,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>          Defendant. | Case No. 21-cv-03534-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 108 |

The parties have filed a joint discovery letter brief at ECF No. 108. They have directed it to Judge Gonzalez Rogers' attention. However, discovery matters have been referred to the undersigned magistrate judge. ECF No. 21. In ECF No. 80, the Court found that Federal's expert disclosures for Terrence Paret, Thomas J. Rowe, James C. Strong and Jason Porto of Wiss, Janney, Elstner Associates, Inc. ("WJE") were defective under Rule 26, struck them, and ordered Federal to serve proper expert reports within 30 days. Plaintiff contends that the August 28, 2023 revised reports contain several of the same problems the original reports did. She asks that the reports be struck and these experts be barred from testifying at trial.

The Court thinks Federal is right that this request is untimely. Civil Local Rule 37-3 says: "Where the Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off, and no motions related to expert discovery may be filed more than 7 days after the expert discovery cut-off." The commentary to the Rule adds: "'Discovery-related motions' encompasses all motions relating to discovery, including motions to compel or protect against discovery, motions regarding the duty to preserve documents, including spoliation motions, motions to quash or enforce subpoenas, and motions for discovery sanctions." Plaintiff's request looks primarily like a motion for sanctions

for the failure to comply with a discovery order (the one at ECF No. 80) and also the failure to comply with Rule 26. The last day of expert discovery was November 7, 2023, *see* ECF No. 100, so the deadline to raise issues like this was November 14, 2023. Accordingly, Plaintiff's motion is **DENIED**.

Please note that this is just a denial of discovery-related complaints about the amended expert reports. Arguments that Federal's expert reports are substantively flawed, fail the Federal Rules of Evidence and *Daubert*, or other challenges to the admissibility of the expert opinions, exceed the scope of the discovery reference to the undersigned and are not addressed in this order.

Plaintiff argues that she could not have raised these issues by the November 14 deadline because "[t]his matter required a review of the deposition transcripts of the WJE experts, which were not fully received until December 2023, after the close of expert discovery and the window imposed by Rule 37-3 of the Civil Local Rules." But the Court doesn't buy it. The complaints Plaintiff has with the reports were obvious from the face of the reports, which Plaintiff had by the end of August 2023.

**IT IS SO ORDERED.**

Dated: February 21, 2024

THOMAS S. HIXSON
United States Magistrate Judge